**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4501**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

ALONZO GARDNER,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Louise W. Flanagan,
District Judge.  (5:11-cr-00228-FL-1)

———————

Submitted:  January 28, 2014      Decided:  February 7, 2014

———————

Before MOTZ, AGEE, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Joshua W. Willey, Jr., MILLS & WILLEY, New Bern, North Carolina,
for Appellant.  Thomas G. Walker, United States Attorney,
Jennifer P. May-Parker, Kristine L. Fritz, Assistant United
States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alonzo Gardner pleaded guilty to one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g) (2012), but reserved his right to appeal the district court's partial denial of his motion to suppress the evidence seized from a storage room that was part of a family member's house where he was residing.[1] On appeal, Gardner contests the district court's denial of his motion to suppress. Assuming, without deciding, that Gardner had a legitimate expectation of privacy in a storage room at the residence, we affirm.

This court reviews a district court's legal conclusions on a motion to suppress de novo. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). Because the district court denied the motion, we construe the evidence in the light most favorable to the Government, the party prevailing below. United States v. Farrior, 535 F.3d 210, 217 (4th Cir. 2008). The Government bears the burden of proof in justifying a warrantless search or seizure. United States v. Watson, 703 F.3d 684, 689 (4th Cir. 2013).

Gardner first argues that his cousin lacked actual authority to consent to a search of the storage room and that

---

[1] The propriety of the district court's order granting a portion of his motion and suppressing evidence found in a duffel bag is not before us.

the officers could not reasonably conclude that she had such authority. While the Fourth Amendment generally prohibits warrantless searches, an exception exists for searches conducted pursuant to valid consent. Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). Consent may be given by the owner of the property, or by third-party possessing common authority over the place or articles to be searched. United States v. Matlock, 415 U.S. 164, 171 (1974). Common authority is determined based on the parties' mutual use of and access to the property. Id. at 171 n.7. Even if the consenting party lacks actual authority over the property, a search will be upheld when the officer reasonably believed that such authority existed. Illinois v. Rodriguez, 497 U.S. 177, 186 (1990).

Here, Gardner's cousin had actual and apparent authority to consent to a search.[2] She was a permanent resident of the house and had the permission of the owner to access the storage room, though Gardner was the primary user of the space. The room, which was only accessible from outside the home, did not appear to be a private area used exclusively by one resident nor did Gardner's cousin indicate to officers that it was such a place. The door was locked to prevent theft, not by Gardner to

_____

[2] Gardner has not challenged on appeal the district court's factual determination that she consented to the search.

3

prevent other residents from entering.  Thus, the district court did not err in finding the consent search valid.

Next, Gardner argues that the incriminating nature of the rifle case was not immediately apparent and thus its seizure and subsequent search was unlawful.  Under the plain view doctrine, law enforcement officers may seize an object without a warrant if "(1) the officer was lawfully in a place from which the object could be viewed; (2) the officer had a lawful right of access to the seized items; and (3) the incriminating character of the items was immediately apparent."  United States v. Davis, 690 F.3d 226, 233 (4th Cir. 2012).  "[A]lthough the plain view doctrine may support the warrantless seizure of a container believed to contain contraband, any subsequent search of its concealed contents must either be accompanied by a search warrant or justified by one of the exceptions to the warrant requirement."  United States v. Williams, 41 F.3d 192, 197 (4th Cir. 1994).  But, a search of a container is permissible "when its distinctive configuration proclaims its contents," because "the contents can be said to be in plain view."  Id.  "[T]he circumstances under which an officer finds the container may add to the apparent nature of its contents."  Id.  The Supreme Court has specifically cited a gun case as an example of a container with a "distinctive configuration."  Arkansas v. Sanders, 442 U.S. 753, 764-65 n.13 (1979) (plurality opinion), overruled on

4

other grounds by <u>California v. Acevedo</u>, 500 U.S. 565 (1991) ("[S]ome containers (for example a kit of burglar tools or a gun case) by their very nature cannot support any reasonable expectation of privacy because their contents can be inferred from their outward appearance.").

The officers here lawfully entered the storage room pursuant to the consent given by Gardner's cousin. While searching the room for Gardner, officers discovered the rifle case. The case was found in close proximity to drug paraphernalia, making its incriminating nature immediately apparent. The officer immediately recognized that the case likely contained a weapon. We therefore conclude that the rifle case was lawfully seized in plain view, and was properly searched under the plain view doctrine. The district court therefore did not err in denying this portion of the motion to suppress.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument will not aid the decisional process.

<u>AFFIRMED</u>