**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Michael Lee Cardwell, Appellant.

Appellate Case No. 2012-213368

Appeal From Georgetown County
Edward B. Cottingham, Circuit Court Judge

Unpublished Opinion No. 2015-UP-455
Heard September 9, 2014 – Filed September 9, 2015

**AFFIRMED**

Melissa Ashley Fried, of Nexsen Pruet, LLC, of Charleston; and Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, and Assistant Attorney General William M. Blitch Jr., both of Columbia, for Respondent.

**PER CURIAM:**  Michael Cardwell (Cardwell) appeals his convictions for two counts of unlawful conduct toward a child and two counts of first-degree sexual

exploitation of a minor.  Cardwell argues the circuit court erred in refusing to suppress his co-defendant's laptop computer and a video seized from the laptop without a search warrant.  He contends that the search and seizure violated his Fourth Amendment rights because law enforcement instructed a computer technician to locate, play, and copy the video prior to obtaining a search warrant. Cardwell further asserts that his constitutional rights were violated when the Johnsonville Police Department provided the video to a Georgetown County Sheriff's Office investigator, who viewed it prior to obtaining a warrant.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether Cardwell had a reasonable expectation of privacy in the disputed video file stored on his co-defendant's laptop computer: *See* U.S. Const. amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."); S.C. Const. art. I, §10 ("The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures and unreasonable invasions of privacy shall not be violated, and no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, the person or thing to be seized, and the information to be obtained."); S.C. Code Ann. § 16-3-850 (2003) (requiring that film processors, photo finishers, and computer technicians discovering images depicting minors "engaging in sexual conduct, sexual performance, or a sexually explicit posture must report the name and address of the individual requesting the development of the film, or of the owner or person in possession of the computer to law enforcement officials in the state and county or municipality from which the film was originally forwarded"); *United States v. Gardner*, 554 Fed.Appx. 165, 167 (4th Cir. 2014) (citing *Arkansas v. Sanders,* 442 U.S. 753, 764–65 n.13 (1979) (plurality opinion), *overruled on other grounds by California v. Acevedo*, 500 U.S. 565 (1991)) ("[S]ome containers (for example a kit of burglar tools or a gun case) by their very nature cannot support any reasonable expectation of privacy because their contents can be inferred from their

---

[1] This court recently affirmed the circuit court's denial of Cardwell's co-defendant's motion to suppress the same video file.  *See State v. Sarah Cardwell*, Op. No. 5351 (S.C. Ct. App. filed Sept. 2, 2015) (Shearouse Adv. Sh. No. 34 at 97–102).

outward appearance."); *Commonwealth v. Sodomsky*, 939 A.2d 363, 369 (Pa. Super. Ct. 2007) (finding that when defendant submitted his computer to technicians for repair, he abandoned his privacy interest in the child pornography stored on his hard drive); *State v. Wright*, 391 S.C. 436, 444, 706 S.E.2d 324, 327–28 (2011) ("What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." (citing *Katz v. United States,* 389 U.S. 347, 351 (1967)); *State v. Missouri*, 361 S.C. 107, 112, 603 S.E.2d 594, 596 (2004) ("To claim protection under the Fourth Amendment of the U.S. Constitution, defendants must show that they have a legitimate expectation of privacy in the place searched." (citation omitted)).

2.      As to whether the circuit court properly denied Cardwell's motion to suppress when the questionable image was in plain view and the video file would inevitably have been discovered: *Nix v. Williams*, 467 U.S. 431, 444 (1984) ("If the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means[,] . . . then the deterrence rationale has so little basis that the evidence should be received."); *Blair v. United States*, 665 F.2d 500, 507 (4th Cir. 1981) ("First, if the container is open and its contents exposed, its contents can be said to be in plain view.  Second, if a container proclaims its contents by its distinctive configuration or otherwise and thus allows by its outward appearance an inference to be made of its contents, those contents are similarly considered to be in plain view." (citation omitted)); *Wright*, 391 S.C. at 443, 706 S.E.2d at 327 ("[O]bjects falling within the plain view of a law enforcement officer who is rightfully in a position to view the objects are subject to seizure and may be introduced as evidence." (citation omitted)).

**AFFIRMED.**

**WILLIAMS, GEATHERS, and MCDONALD, JJ., concur.**